Martin R. Boles (SBN 124159)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
martin.boles@kirkland.com

*Attorney for Defendant BP America Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Advanced Cleanup Technologies, Inc., a California Corporation<br>Plaintiff,<br><br>v.<br><br>BP America Inc., a Delaware Corporation and DOES 1 through 10 inclusive,<br>Defendants. | LACV14-9033 CAS (AJWx)<br><br>CASE NO. _____<br><br>**BP'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>On removal from the Superior Court of California, County of Los Angeles: Case No. TC027969 |



Pursuant to 28 U.S.C. §§ 1331, 1332, 1333, 1441, 1446 and 43 U.S.C. § 1349, Defendant BP America Inc. ("BP"), hereby gives notice and removes this case to the United States District Court for the Central District of California, Western Division.

BP represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

**Background and Procedural Requirements.**

1. BP is a defendant in the matter styled "Advanced Cleanup Technologies, Inc., a California corporation v. BP America Inc., a Delaware corporation, and Does 1 through 10, inclusive," pending in the Superior Court of California, County of Los Angeles and bearing Case No. TCO27969 ("State Court Action").

2. Plaintiff filed its Complaint for Damages in the State Court Action on October 16, 2014.

3. BP was served with process in the State Court Action on October 24, 2014.

4. This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P. 6(a).

5. Pursuant to 28 U.S.C. § 1446(a), BP attaches as Exhibit A hereto a copy of all process, pleadings and orders served on BP in the State Court Action.

**This Court Has Jurisdiction Because the Parties Are Diverse and the Amount in Controversy Exceeds $75,000.**

6. Defendant BP America Inc. is a Delaware corporation with its principal place of business in Houston, TX. *See* Compl. ¶ 2; *see also In re BP p.l.c. Secs. Litig.*, 922 F. Supp. 2d 600, 707 (S.D. Tex. 2013).

7. Plaintiff is a California corporation with its principal place of business in California. Compl. ¶ 1.

8. Plaintiff asserts that "[t]he amount in controversy is $1,735,009.61." *Id.* ¶ 7 (emphasis omitted). Elsewhere in the Complaint, however, it claims that the damages to which it is entitled are $2,958,191.11. *Id.* ¶ 22. In either case, the amount in controversy exceeds $75,000.

9. This Court therefore has original jurisdiction over the State Court Action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441(a),(b).

**Original Federal Jurisdiction Exists Over the Complaint Pursuant to OCSLA and the Federal Question Statute.**

10. The next two grounds for removing the State Court Action to this Court relate to the fact that this lawsuit arises in connection with the *Deepwater Horizon*'s drilling operations occurring on the Outer Continental Shelf ("OCS" or "the Shelf"). Two jurisdictional consequences follow as a result: *First*, the State Court Action falls within the jurisdictional grant of the federal Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq*. *Second*, the OCS is a federal enclave, meaning that all cases arising from events on the Shelf arise under federal law.

11. Plaintiff's Complaint begins by stating that on "April 20, 2010, the Deepwater Horizon explosion and oil spill occurred in the Gulf of Mexico on the BP-operated Macondo Prospect." Compl. ¶ 10. "Macondo" is the name given to BP's well at Mississippi Canyon Block 252 of the Outer Continental Shelf. It is from that location that Plaintiff states that "a sea-floor oil gusher flowed for 87 days." *Id.* In response to the spill, Plaintiff asserts that it entered a contract with a company called All Quest, which it asserts was BP's agent. *Id.* ¶ 11. While BP takes no position at this time regarding All Quest and whether it was BP's agent, the only important issue for jurisdictional purposes is that Plaintiff's alleged contract with All Quest was for "spill cleanup operations for the Deepwater Horizon spill." *Id.* ¶ 12; *see also id.* ¶ 14.

12. Plaintiff maintains that All Quest did not make the payments required under the alleged contract between Plaintiff and All Quest and that such alleged breach proximately harmed Plaintiff in the amount of $1,735,009.61, which inflates to nearly $3 million after considering late fees. *Id.* ¶ 27.

13. OCSLA Jurisdiction: This case is removable to this Court under the jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq*. OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies *arising out of, or in connection*

*with* (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1) (emphasis added).

14. OCSLA defines "minerals" to include "oil, gas, sulphur, geopressured-geothermal and associated resources." 43 U.S.C. § 1331(q). "Exploration" is the "process of searching for minerals, including . . . any drilling." 43 U.S.C. § 1331(k).

15. Additional details connecting this case to operations on the Outer Continental Shelf appear in other judicial opinions, of which this Court can take judicial notice. The Fifth Circuit has noted that the *Deepwater Horizon*'s purpose was to "drill the Macondo well, which is located on the sea floor at Mississippi Canyon Block 252." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 418 (5th Cir. 2013). These operations were part of BP's "exploration and drilling operations in the Gulf of Mexico." *Id.* The Northern District of Florida reached a similar conclusion: "[w]hen it exploded, the *Deepwater Horizon* was operating on the outer continental shelf. Its operations were part of the exploration for, and intended development and production of, continental-shelf oil." *Phillips v. BP p.l.c.*, 2010 WL 3257737, at *1 (N.D. Fla. Aug. 17, 2010). Likewise, the Fifth Circuit even more recently affirmed OCSLA jurisdiction over the removal of claims based on contamination of coastal waters and alleged harm to wildlife. *In re: Deepwater Horizon*, 745 F.3d 157, 164 (5th Cir. 2014) (rejecting the argument that OCSLA requires that a plaintiff's injury occur on an OCSLA "situs" in order to trigger federal jurisdiction). Indeed, the Southern District of Texas has held that even lawsuits concerning securities filings which allegedly contained misrepresentations in connection with Shelf drilling activities fall within OCSLA's broad grant of federal jurisdiction. *See* Memorandum & Order, *In re: BP p.l.c. Securities Litigation*, No. 4:10-md-2185, Rec. Doc. 441 (S.D. Tex. filed Oct. 1, 2012) ("MDL 2185"). Finally, the Fifth Circuit affirmed OCSLA jurisdiction over

a contract dispute concerning an alleged post-spill settlement agreement. *BP Exploration & Production, Inc. v. Johnson*, 538 F. App'x 438 (5th Cir. Aug. 8, 2013) (transferring the case to the Eastern District of Louisiana, over plaintiff's objection to OCSLA jurisdiction in any federal court).

16. The State Court Action thus "aris[es] out of" and "in connection with" a drilling operation on the outer Continental Shelf. Plaintiff concedes as much by arguing that its alleged injuries arise from providing "oil spill cleanup services *in connection with the Deepwater Horizon oil spill*." Compl. ¶ 45 (emphasis added). Beyond the verbatim recitation of OCSLA's jurisdictional provision, Plaintiff's Complaint includes numerous other references to exploratory operations on the OCS. It recognizes, for example, that the *Deepwater Horizon* "explosion and oil spill occurred in the Gulf of Mexico," specifically at "the Macondo Prospect." *Id.* ¶ 10. Moreover, the alleged contract with All Quest concerned "oil spill response operations for the Deepwater Horizon spill." *Id.* ¶ 12. The *Deepwater Horizon*'s operations at the Macondo well were unquestionably related to oil exploration, and that vessel is now sunk and resting on the seabed of the Outer Continental Shelf. As a result, this Court has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

17. <u>Federal Question Jurisdiction</u>: This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 because the claims asserted arise in connection with a federal statute, namely, OCSLA, 43 U.S.C. § 1331 *et seq.*, and OPA, 33 U.S.C. § 2701 *et seq.*

18. A second reason to conclude that Plaintiff's claims arise under federal law is that claims involving federal enclaves like the outer Continental Shelf by their nature arise under federal law. *See, e.g., Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006). Federal-question claims ordinarily are subject to the well-pleaded complaint rule, but cases involving federal enclaves *unavoidably* involve federal and not state law, regardless of whether a plaintiff invokes federal

law on the face of the complaint. Moreover, even if this were not true, OCSLA claims are not subject to the well-pleaded complaint rule. *Amoco Production Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988) ("In determining federal court jurisdiction, we need not traverse the Serbonian Bog of the well pleaded complaint rule . . . because § 23 of OCSLA expressly invests jurisdiction in the United States District Courts.").

19. OCSLA not only provides that federal courts have original jurisdiction over all cases arising out of Shelf operations, it also directly specifies that federal law governs as a substantive matter. *See* 43 U.S.C. § 1333(a)(1). Hence, federal question jurisdiction under 28 U.S.C. § 1331 inherently and unavoidably exists over claims that arise out of Shelf conduct without regard to claims made by plaintiffs that a source of law other than federal law, such as state or maritime law, controls. The Fifth Circuit has held that OCSLA confers both original and removal jurisdiction, regardless of whether state or maritime law supplies the rule of decision. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 214 (5th Cir. 2013) ("The more difficult question in this appeal is whether federal, state, or maritime law provides the substantive rule of decision for Barker's OCSLA claim. . . . [T]he panel chooses not to decide this issue because the result is the same regardless of which law is applied.").

20. Plaintiff's claims "arise under" federal law for purposes of removal under 28 U.S.C. § 1441(c) because OCSLA establishes a federal enclave on the Shelf. Claims arising out of conduct within federal enclaves necessarily arise under federal law.

**Maritime Claims Are No Obstacle To Removal; to the Contrary, They Provide Yet Another Basis for Removal Jurisdiction.**

21. Plaintiff attaches as exhibits to its Complaint several documents allegedly representing contracts between Plaintiff and All Quest. *E.g.*, Compl. ¶ 11 (referring to Plaintiff's Ex. B). Those documents reveal that any claims based on

their terms must be maritime claims. *See* Pl's Ex. B at 9, art. 26 ("This Master Agreement shall be construed in accordance with the admiralty and maritime laws of the United States of America."); Pl's Ex. D at 9, art. 26 (same); Pl's Ex. F at 9, art. 26 (same). Beyond the text of the alleged contracts themselves, the performance that Plaintiff alleges was the subject of its agreements with All Quest is traditional maritime commerce: vessel charters to perform clean-up operations in the Gulf of Mexico. Where "the contract references maritime service or maritime transactions," the Ninth Circuit understands it to be "maritime in nature" and thus sufficient to "give[] rise to Section 1333 admiralty jurisdiction." *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 967 (9th Cir. 2010). Based either on Plaintiff's own allegations or on the content of the alleged contracts with All Quest, the State Court Action is a maritime suit, falling within this Court's original jurisdiction at 28 U.S.C. § 1333(1).

22. While maritime law was once an argument against federal removal jurisdiction, the jurisdictional landscape changed dramatically on January 6, 2012, the effective date of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Clarification Act"). Among its provisions, the Clarification Act altered 28 U.S.C. § 1441 to clarify that diversity of citizenship is a prerequisite to removal *only* where the federal courts would not otherwise have original jurisdiction. *Compare* 28 U.S.C. § 1441(b) (pre-2011) *with* 28 U.S.C. § 1441(b) (2011). The statute's previous language had led the Supreme Court to declare that Section 1441(b) was a bar to the removal of maritime claims. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959). As courts are beginning to recognize, that bar is now removed. *Wells v. Abe's Boat Rentals Inc.*, No. H-13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013); *Ryan v. Hercules Offshore, Inc.*, No. H-12-3510, 2013 WL 1967315 (S.D. Tex. May 13, 2013); *see also Bridges v. Phillips 66 Co.*, No. 13-477, 2013 WL 6092803 (M.D. La. Nov. 19, 2013); Order, *Walker v. BP Prods. N. Am., Inc.*, No. 1:13-cv-257, Rec. Doc. 18 (E.D. Tex. filed Sept. 16, 2013).

23. Federal courts undoubtedly have original jurisdiction over maritime cases, 28 U.S.C. § 1333(1), and the saving-to-suitors clause has itself never been a bar to removal. *Ryan*, 2013 WL 1967315, at *1; *see also Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996) (noting that the saving-to-suitors clause "does not guarantee [plaintiffs] a nonfederal forum"). Only Section 1441(b) was interpreted to prevent removal, and as *Ryan* explains, the Clarification Act has earned its name and removed all ambiguity in favor of permitting removal of maritime claims in accord with the plain terms of 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction"). That straightforward removal rule is no longer complicated in non-diversity cases by the terms of current 28 U.S.C. § 1441(b). *Ryan*, 2013 WL 1967315, at *4. Now, the existence of maritime jurisdiction is alone a sufficient basis for removal.

**Venue and Removal Under 28 U.S.C. §§ 1441(a).**

24. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Central District of California, Western Division is the District and Division in which the State Court Action was pending.

25. This matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Central District of California has original subject matter jurisdiction under 43 U.S.C. § 1349 and 28 U.S.C. §§ 1331, 1332, 1333.

**Effectuation of Removal.**

26. BP hereby removes this action to the United States District Court for the Central District of California, Western Division.

27. By filing this Notice of Removal, BP expressly consents to the removal.

28. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and other papers, including the Complaint, on file in the record of the State Court Action which are within the possession, custody and control of BP are attached as Exhibit A.

29. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

30. Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be promptly filed with the Superior Court of California, County of Los Angeles.

WHEREFORE, BP hereby removes this action to the United States District Court for the Central District of California.

Respectfully submitted on November 21, 2014.

_____

Of Counsel:

Jeffrey Bossert Clark
Dominic E. Draye (SBN 267079)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jeffrey.clark@kirkland.com
dominic.draye@kirkland.com

Martin R. Boles (SBN 124159)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
martin.boles@kirkland.com

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
richard.godfrey@kirkland.com
andrew.langan@kirkland.com

ATTORNEY-IN-CHARGE FOR
DEFENDANT BP AMERICA INC.