UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09033-CAS(AJWx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | ADVANCED CLEANUP TECHNOLOGIES, INC., V. BP AMERICA INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 33, August 17, 2015)

## I.  INTRODUCTION

On October 16, 2014, plaintiff Advanced Cleanup Technologies, Inc. ("ACT") filed the instant action in Los Angeles County Superior Court against defendants BP America, Inc. ("BP") and Does 1 through 10 (collectively, "defendants"). Dkt. 1. On November 21, 2014, defendants removed this action to this Court. Id. Plaintiff asserts claims against defendants for: (1) breach of written contract; (2) account stated; (3) open book account; (4) quantum meruit; and (5) unjust enrichment. See generally Compl. In brief, plaintiff alleges that it is owed approximately $1.7 million for cleanup work it performed for defendants in connection with the *Deepwater Horizon* oil spill in 2010. Id.

On August 17, 2015, defendants filed the instant motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 33. On September 4, 2015, plaintiff filed an opposition, Dkt. 44, on September 14, 2015, defendants filed a reply, Dkt. 45, and on September 23, 2015, plaintiff filed a sur-reply, Dkt. 48. Having carefully considered the parties' arguments, the Court finds and concludes as follows.[1]

---

[1] Portions of the briefing and record in this matter were filed under seal. This redacted version of the Court's order omits references to information included in a version produced under seal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:14-cv-09033-CAS(AJWx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | ADVANCED CLEANUP TECHNOLOGIES, INC., V. BP AMERICA INC., ET AL. | | |

## II.  BACKGROUND

Plaintiff alleges the following facts:  On April 20, 2010, the *Deepwater Horizon* oil rig exploded in the Gulf of Mexico.  Compl. ¶ 10.  Following the explosion, oil flowed into the Gulf for 87 days until the spill was eventually contained on July 15, 2010.  Id. The total discharge of oil has been estimated at 210 million gallons.  Id.

Pursuant to a 2007 agreement entitled Emergency Response Service Agreement (the "ERS Agreement"), ACT had contracted with BP to provide oil spill cleanup services in the event of a release of oil or other hazardous materials into the environment. Id., Ex. A.  In June 2010, in the aftermath of the spill, ACT entered into an agreement entitled Master Time Charter Agreement (the "Charter Agreement") with All Quest ("Quest"), an agent of BP.  Id. ¶ 11.  Pursuant to the ERS and Charter agreements, between June 2010 and October 31, 2010, ACT performed oil spill cleanup operations for the *Deepwater Horizon* spill.  Id. ¶¶ 12, 14.

During the course of its cleanup work, ACT submitted thirteen invoices to Quest requesting payment for work performed.  Id. ¶ 15.  The total amount of these invoices was $4,191,329.51.  Id.  According to ACT, Quest paid the first eight invoices in full and partially paid the ninth invoice.  Id. ¶ 18.  However, no payments were made on the last four invoices.  Id.  ACT alleges that the unpaid balance on its invoices is $1,735,009.61 and that this amount remains unpaid today.  Id.  In addition, ACT alleges that both the ERS and Charter agreements provided for a service charge of 1.5% per month on invoices not timely paid.  Id. ¶ 13.  Accordingly, in the instant suit ACT seeks to recover from defendants: (1) the amount of its unpaid balance plus interest; and (2) the monthly service charges for each month in which ACT's invoices were not paid.  Id. ¶¶ 27-28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-09033-CAS(AJWx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | ADVANCED CLEANUP TECHNOLOGIES, INC., V. BP AMERICA INC., ET AL. | | |

    A.    **The Settlement Agreement**

    BP contends that on November 30, 2010 ACT and Quest entered a settlement agreement regarding the unpaid balance on ACT's invoices.[2] Mot., at 3. Pursuant to this agreement, ACT and Quest **[\*\*\*REDACTED\*\*\*]**Dkt. 35, Douglas Decl., Ex. A, at 1.

---

[2] Defendants request that the court incorporate the settlement agreement into ACT's complaint, despite the fact that the complaint nowhere mentions this agreement. Mot., at 8. In ruling on a motion for judgment on the pleadings, a court may generally not consider evidence extrinsic to the pleadings. In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996). However, pursuant to the "incorporation by reference" doctrine, a court may consider extrinsic documents submitted with a motion to dismiss "if they are 'integral' to the plaintiff's claims and their authenticity is not in dispute." Birdsong v. AT & T Corp., 2013 WL 1120783, at *2 (N.D.Cal. Mar.18, 2013) (quoting Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir.1998). A well-established application of this doctrine is a settlement agreement that, if valid, would bar claims alleged by the plaintiff in his or her complaint. See, e.g. Young v. AmeriGas Propane, Inc., 2014 WL 5092878, at *3 (S.D. Cal. Oct. 9, 2014) (incorporating an agreement releasing plaintiff's claims, reasoning that the agreement was "clearly an integral part of Plaintiff's allegations because he has no valid claim if the Release is found to be valid"); Birdsong, 2013 WL 1120783, at *2 (same); Barber v. Remington Arms Co., Inc., 2013 WL 496202, at *2 (D. Mont. Feb 11, 2013) (same). Here, as stated more fully below, the settlement agreement **[\*\*\*REDACTED\*\*\*]** Accordingly, if the agreement is valid it will readily bar all of plaintiff's claims in this suit. Moreover, plaintiff does not dispute that it signed the settlement agreement, but rather contends that the agreement is unenforceable because it was procured under economic duress. Opp'n., at 2, 6. However, where a plaintiff admits that it signed a release of claims, courts have incorporated the release agreement even where the plaintiff disputes whether the agreement is enforceable. See Birdsong, 2013 WL 1120783, at *2-3 ("Plaintiff argues extensively in her opposition to the motion that the Release agreement is *unenforceable,* but does not dispute that she signed it . . . The Court therefore considers the Release agreement submitted by Defendants without converting this motion to one for summary judgment.") (emphasis in original). Accordingly, the Court finds that the conditions for incorporation by reference are satisfied and therefore considers the settlement agreement in ruling on defendants' motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:14-cv-09033-CAS(AJWx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | ADVANCED CLEANUP TECHNOLOGIES, INC., V. BP AMERICA INC., ET AL. | | |

The agreement also provides that **[\*\*\*REDACTED\*\*\*]** Id. at 1-2.

BP contends that after ACT signed the settlement agreement, **[\*\*\*REDACTED\*\*\*]** Mot., at 5.

### III.   LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). Such a motion may be brought "after the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a Rule 12(c) motion, as with a 12(b)(6) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-09033-CAS(AJWx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | ADVANCED CLEANUP TECHNOLOGIES, INC., V. BP AMERICA INC., ET AL. | | |

requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. For purposes of a Rule 12(c) motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1368 (3d ed. 2004).

Unless a court converts a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d at 1537. A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## IV. ANALYSIS

Defendants argue that the Court should dismiss ACT's claims because they are barred by the settlement agreement. Mot., at 6. Pursuant to the settlement agreement **[\*\*\*REDACTED\*\*\*]** Dkt. 35, Douglas Decl., Ex. A, at 1. Moreover, the agreement expressly states that **[\*\*\*REDACTED\*\*\*]** Id. at 2. In light of the exceptionally broad language contained in the settlement agreement, it appears that any claims ACT may have had against BP based on unpaid cleanup services in connection with the *Deepwater Horizon* spill were released under the settlement agreement. See also Marder v. Lopez, 450 F.3d 445, 449-50 (9th Cir. 2006) (affirming dismissal of plaintiff's claims where plaintiff had signed a release of "each and every claim" against defendant).

While ACT does not appear to dispute the authenticity of the settlement agreement, it argues that the agreement should be set aside as either void or unenforceable because it was procured through economic duress. Opp'n., at 2. A party may rescind an agreement if its consent was obtained through economic duress. Sheehan v. Atlanta Int'l Ins. Co., 812 F.2d 465, 469 (9th Cir. 1987). The doctrine of economic duress "may come into play upon the doing of a wrongful act which is sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to succumb to the perpetrator's pressure. The assertion of a claim known to be false or a bad faith threat to breach a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-09033-CAS(AJWx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | ADVANCED CLEANUP TECHNOLOGIES, INC., V. BP AMERICA INC., ET AL. | | |

contract or to withhold a payment may constitute a wrongful act for purposes of the economic duress doctrine." Rich & Whillock, Inc. v. Ashton Development, Inc., 157 Cal. App. 3d 1154, 1158-59 (1984). Moreover, "[a] reasonably prudent person may not have reasonable alternatives and be forced to succumb to a threat to withhold payment 'when the only other alternative is bankruptcy or financial ruin.' " Urica, Inc. v. Pharmaplast S.A.E., 2014 WL 3893372, at *14 (C.D. Cal. Aug. 8, 2014) (citing Rich & Whillock, Inc., 157 Cal. App. 3d at 1159).

     Here, ACT asserts that it was rightfully owed over $1.7 million from Quest, but that Quest wrongfully withheld payment on the remaining invoices. Opp'n., at 2. Furthermore, ACT asserts that at the time of the settlement agreement (i.e. November 2010), it was "essentially insolvent" and desperately in need of payment from Quest. Id. ACT believes that Quest took advantage of ACT's precarious financial position to force it to sign the settlement agreement and accept a substantial discount on the unpaid balance it was owed. Id. Accordingly, ACT argues that the settlement agreement should be set aside because it was procured through economic duress. Id.

     However, ACT's complaint makes no mention of economic duress or, for that matter, the settlement agreement. Rather, ACT's economic duress argument is presented solely in ACT's opposition brief and in a supporting declaration from ACT's counsel. See Opp'n.; Dkt. 44-1, Calari Decl. Because these are merely arguments, they are not entitled to the presumption of truth otherwise afforded to pleadings in a motion brought pursuant to Rule 12(c). See Chavez, 683 F.3d at 1108. Accordingly, because the complaint contains no allegations whatsoever regarding economic duress, the Court finds that ACT has failed to plead sufficient facts showing that the settlement agreement was procured under economic duress. Therefore, the Court **GRANTS** defendants' motion because all of the claims in ACT's complaint were released under the settlement agreement.

     Nonetheless, because it appears that there may be facts which ACT could allege to support its assertion of economic duress, the Court grants defendants' motion without prejudice. See also Kaufman & Broad-S. Bay v. Unisys Corp., 822 F. Supp. 1468, 1475 (N.D. Cal. 1993) *disapproved of on other grounds by* KFC W., Inc. v. Meghrig, 49 F.3d 518 (9th Cir. 1995) ("Plaintiff is granted leave to amend to specify facts showing that it was induced to enter into the release . . . because of economic duress."); Zone Sports Ctr. LLC v. Red Head Inc., 2011 WL 3862007, at *6 (N.D. Cal. Sept. 1, 2011) ("For the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:14-cv-09033-CAS(AJWx) | Date | October 9, 2015 |
| Title | ADVANCED CLEANUP TECHNOLOGIES, INC., V. BP AMERICA INC., ET AL. | | |

foregoing reasons, the Court grants Defendants' motion to dismiss all of Plaintiffs' claims. The Court is providing Plaintiffs leave to amend to allege additional facts in support of its claim for rescission of the Settlement Agreement against RHI on the grounds that Barbis and FRT's were under duress or unduly influenced.").

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion without prejudice. Plaintiff is hereby granted **30 days** in which to amend its complaint. Failure to amend will result in dismissal of plaintiff's complaint with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |