UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:14-cv-09033-CAS(AJWx) | Date | January 25, 2017 |
|---|---|---|---|
| Title | ADVANCED CLEANUP TECHNOLOGIES, INC. v. BP AMERICA, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                               Not Present

**Proceedings:** **(IN CHAMBERS) - CLAIMAINT CUDA ENTERPRISES, INC. MOTION FOR A DETERMINATION THAT CARMEN M. BATRIZ d/b/a CMB PROFESSIONAL SERVICES HAS NO LIEN AGAINST THE RECOVERY IN THIS ACTION (Dkt. 66, filed July 13, 2016)**

On October 16, 2014, plaintiff Advanced Cleanup Technologies, Inc. ("ACT") initiated this action against defendant BP America, Inc. ("BP America") in the Los Angeles County Superior Court. Dkt. 1. On November 21, 2014, BP America removed this action to this Court on the basis of both federal question and diversity jurisdiction. Id. Subsequently, two claimants, Cuda Enterprises, Inc. ("Cuda") and Carmen M. Batriz ("Batriz") filed notices of liens in this action against any recovery ACT might obtain from BP America. Specifically, on April 8, 2015, Cuda filed a "Notice of Lien in a Pending Action," dkt. 19, and on July 20, 2015, Batriz filed a "Notice of Lien in a Pending Action," dkt. 32. On June 7, 2016, BP America and ACT filed a notice of settlement indicating that they had reached a settlement in this action. Dkt. 62. On July 13, 2016, claimant Cuda filed the instant motion seeking a determination that claimant Batriz has no lien against the recovery in this action. Dkt. 66. On July 22, 2016, Batriz filed an opposition, dkt. 69, and on August 1, 2016, Cuda filed a reply, dkt. 71.

On August 15, 2016, this Court issued an order to show cause (the "OSC") regarding the basis for this Court's jurisdiction over Cuda and Batriz's liens against ACT's settlement recovery. Dkt. 76. On August 29, 2016, Cuda filed its response to the OSC ("Response"). Dkt. 77. In its response, Cuda contends that the sole basis for this Court's jurisdiction is the exercise of supplemental jurisdiction under 28 U.S.C § 1367. Id. at 3–5. Cuda requests that this Court exercise supplemental jurisdiction to adjudicate Cuda's lien because Cuda is claiming a right to the monetary recovery that BP will issue to ACT as a result of the settlement agreement in the underlying action. Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:14-cv-09033-CAS(AJWx) | Date | January 25, 2017 |
|---|---|---|---|
| Title | ADVANCED CLEANUP TECHNOLOGIES, INC. v. BP AMERICA, INC. | | |

28 U.S.C. § 1367(a) provides that this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (quoting Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003))). Federal courts may only exercise supplemental jurisdiction to adjudicate fee disputes between litigants and third parties if the dispute forms part of the same case or controversy as the underlying action. See Federal Sav. & Loan Ins. Corp. v. Ferrante, 364 F.3d 1037, 1039 (9th Cir. 2004).

Here, Cuda's state court judgment against ACT arises from dishonored payroll checks issued by ACT. Response at 2. Batriz's state court judgment against ACT originates from an award for unpaid wages due from ACT. Dkt. 32. The underlying action that ACT filed against BP concerned unpaid invoices for ACT's services rendered in connection with the Deepwater Horizon oil spill. Dkt. 51 at 2–14. Neither Cuda nor Batriz contend that their state court judgments against ACT are related to any of ACT's claims in the underlying action. Cuda and Batriz's only argument for the exercise of supplemental jurisdiction is that their liens are related to the underlying action because they are claiming a right to funds that ACT receives by virtue of its settlement with BP. Response at 4.

Cuda and Batriz's liens arise from state court actions that are factually unrelated to the underlying action between ACT and BP. Therefore, they are not part of the same case or controversy as the underlying action, and this Court does not have supplemental jurisdiction over Cuda and Batriz's state law claims. Cuda's motion is, therefore, **DENIED**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |