CARMEN M. BATRIZ, d/b/a
CMB PROFESSIONAL SERVICES
154-A W. FOOTHILL BLVD STE. 262
UPLAND, CA 91786
TEL: (909) 233-8431
FAX: (909) 297-3017
E-MAIL:  CMBPROFSERVICES@YAHOO.COM

ASSIGNEE OF RECORD, IN PRO PER
FOR STATE COURT ACTION



CLERK   FILED   DISTRICT COURT

NOV 1 7 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ADVANCED CLEANUP TECHNOLOGIES, INC., A CALIFORNIA CORPORATION<br><br><br>Plaintiff,<br><br>vs.<br><br><br><br>BP AMERICA, INC., A DELAWARE CORPORATION; DOES 1-10,<br><br>Defendants | Case No.:<br><br>2:14-CV-9033 CAS (AJWX)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ORDER APPROVING STIPULATION RE: GLOBAL SETTLEMENT AGREEMENT BY ALL INTERESTED PARTIES REGARDING SETTLEMENT FUNDS AND AGREEMENT FOR FULL SATISFACTION OF JUDGMENTS BY JUDGMENT CREDITORS OF ACTI AND RESTORE THE STATUS QUO ANTE BETWEEN THE PARTIES AND TO ENABLE BATRIZ TO ASSERT THE CLAIM SHE POSSESSED PRIOR TO THE AGREEMENT**<br><br>Hearing Date:  December 18, 2017<br>Hearing Time:  10:00 am<br>Judge:  Christina A. Snyder<br>Place:  Courtroom 8D |

# INTRODUCTION

In May 2016, Plaintiff Advanced Cleanup Technologies, Inc. ("ACTI") and Defendant BP America Inc. ("BP") reached an agreement to settle the instant lawsuit for a certain sum of money.  Two of ACTI's judgment creditors—CUDA Enterprises, Inc. ("CUDA") and Carmen M. Batriz, d/b/a CMB Professional Services ("Batriz") — filed notices of liens prior to the settlement agreement reached by the parties.  Negotiations between ACTI and its judgment creditors over the settlement proceeds payable to ACTI ensued and remained unresolved, until May 2017 when it was learned that CUDA had irrevocably assigned its judgment against ACTI to Hayomyom, LLC ("Hayomyom"), in April 2015. In May 2017, Steve Zipp, principal of Hayomyom, gave notice via email to all parties of his claim as the assignee of CUDA's judgment against ACTI and joined in the negotiations on behalf of Hayomyom.  On August 13, 2017, ACTI, Batriz and Hayomyom, and other parties of interest concerning the settlement proceeds in favor of ACTI, signed the STIPULATION RE: GLOBAL SETTLEMENT AGREEMENT BY ALL INTERESTED PARTIES REGARDING SETTLEMENT FUNDS AND AGREEMENT FOR FULL SATISFACTION OF JUDGMENTS BYJUDGMENT CREDITORS OF ACTI (the "Agreement") which the Court signed into order on August 15, 2017.  Terms of the agreement required that ACTI make an additional settlement sum payment into its attorney's client trust account within (5) days of the Court's order.   The additional settlement sum payment from ACTI was to be combined with the net proceeds of the settlement between ACTI and BP then distributed to ACTI's judgment creditors.  ACTI has breached the agreement by failing to make the required additional settlement sum payment as ordered.

In light of the foregoing, pursuant to F.R.C.P Rule 60(b)(3) and (6) and California Code of Civ. P. §1689, Batriz requests an order from this Court to set

aside this Court's prior order approving the agreement and to rescind the agreement in its entirety and restore the status quo ante between the parties prior to execution of the agreement, and to enable Batriz to assert the claim she possessed prior to the agreement.

## PROCEDURAL HISTORY

On October 16, 2014, ACTI filed suit against BP in the Superior Court of California, Los Angeles County. On November 21, 2014, BP removed the action to this Court. (Dkt. No. 1.) On April 8, 2015, CUDA filed notice of a $75,000 judgment lien based on a money judgment CUDA contended that it held against ACTI.[1] (Dkt. No. 19.)

On July 20, 2015, Batriz also filed notice of a $90,000 lien pursuant to a separate judgment against ACTI.[2] (Dkt. No. 32.)

In 2015 and early 2016, BP filed two successful dispositive motions that resulted in dismissal of ACTI's claims with leave to amend. (See Dkt. No. 49 and 56.) On May 26, 2016, BP and ACTI entered into a tentative settlement agreement with the expectation that ACTI would resolve the pending lien issues before execution of any settlement. BP filed notice of settlement with the Court on June 7, 2016. (Dkt. No. 62.) Three days later, the Court terminated the docket and ordered the parties to provide updates on the status of the settlement process until a stipulation for dismissal is filed. (Dkt. No. 63.)

On July 8, 2016, Batriz submitted an amended notice of lien to the Court for the purpose of perfecting her lien and properly served all parties. The document was rejected on July 11, 2017. Reason stated was, "Case closed." (Dkt. No. 65)

---

[1] Three weeks later, on April 28, 2015, CUDA "irrevocably" assign[ed] to [Hayomyom, LLC] all of its right[s], title and interest in and to the amounts due to it from ACTI. (See Dkt. 81-1 at p. 3, ¶ 3.) Neither CUDA nor its attorney ever notified the Court of the assignment.

[2] Batriz is the assignee of a claim against ACTI by one of ACTI's former employees, Fernando Becerra.

On July 11, 2016, BP and ACTI submitted a joint status report. (Dkt. No. 64.) Two days later, Glenn Johnson filed a motion allegedly for judgment creditor CUDA asking the Court to determine that CUDA had "won the race" to courthouse to file its lien and that Batriz's notice of lien was, for that reason, ineffective.[3] (Dkt. No. 66) Batriz filed an opposition and argued that CUDA did not have a perfected lien, because its notice was grossly defective. (*See* Dkt. No. 69) In response, Glenn Johnson, again, allegedly as attorney for CUDA filed a certified copy of the underlying judgment in an attempt to correct only one of the many substantial statutory deficiencies. (Dkt. No. 74).

On August 11, 2016, the Court issued a show cause order asking CUDA and Batriz to show cause regarding the claimed basis of any federal jurisdiction over the dispute regarding the superiority of their respective liens.[4] (Dkt. No. 76.) CUDA's brief was received on August 29, 2016 and entered September 14, 2016. Batriz had also submitted a response to the Court via First Class US Mail; however, the Court's docket does not reflect that it was ever received. Batriz was not aware that it had not been received and did not receive it back via return mail.

On January 25, 2017, the Court ruled that it did not have supplemental jurisdiction under 28 U.S.C. § 1367 to rule on CUDA's motion and, therefore, the Court denied the motion. (Dkt. No. 79.)

Up to this point, neither the Court nor any of the parties were aware of the assignment of CUDA's judgment to Hayomyom. Additionally, as a matter of public information, it was recently discovered that CUDA was dissolved as a

---

[3] Due to the assignment of CUDA's judgment to Hayomyom, CUDA would have had no standing to assert this motion. Attorney Glenn Johnson was CUDA's attorney at the time the assignment was made. Neither the Court nor any of the parties were made aware of these facts, until nearly one year later.

[4] Attorney Glenn Johnson did not informe this Court nor any of the parties that CUDA had no judgment creditor rights due the "irrevocable" assignment of its judgment to Hayomyom, LLC. (*See* Dkt. 81-1 at p. 3, ¶ 3.)

In May 2017, information came to light that CUDA had "irrevocably" assign[ed] to [Hayomyom, LLC] all of its right[s], title and interest in and to the amounts due to it from ACTI, in April 2015, just three weeks after filing its defective lien in this matter. [5] (*See* Dkt. 81-1 at p. 3, ¶ 3.)

On July 6, 2017, BP and ACTI filed a joint motion for determination of judgment creditor rights of CUDA and Batriz, to the settlement amount, pursuant to Cal. Code of Civ. P § 708.470. (Dkt. No. 81.) At the hearing, on August 7, 2017, Glenn Johnson surprisingly appeared and, with no mention of Hayomyom, asserted that CUDA was entitled to priority to the settlement funds, at the expense of Batriz, compelling the Court to question whether CUDA may have substantially complied with the requirement for perfecting its lien. The Court therefore, directed the parties to file supplemental briefs, if any of the parties had agreements or evidence regarding CUDA's substantial compliance with lien requirements. Batriz did not appear, as Glenn Johnson was not expected to appear or to continue asserting creditor rights for an entity that – (1) had given irrevocable assignment of its judgment to another entity and (2) no longer existed as it had been dissolved as a corporation in August 2016. Batriz was in possession of two writs of execution, at the time, and was expecting to prevail as the only viable judgment creditor in this matter and to be able to enforce her judgment, either by judgment lien or writ.

On August 12, 2017, ACTI, through its attorney, made compelling offers to Batriz and Hayomyom for a significant reduction and full settlement of their respective money judgments against ACTI. ACTI represented that it had

---

[5] Apparently, Steve Zipp, principal of Hayomyom, was inadvertently informed by a third party of the then ongoing negotiations between CUDA's attorney Glen Johnson, Batriz, and ACTI. Mr. Zipp, immediately, gave notice via email to all parties informing that he had been given assignment of CUDA's judgment and therefore, claimed his right to be included in the negotiations as a judgment creditor and not CUDA.

sufficient funds available to, *immediately*, comply with the terms of the agreement. With the expectation of a speedy resolution, the agreement was executed by all parties and submitted to the court for approval on August 14, 2017.  This Court signed the order approving the agreement the following day.

ACTI subsequently failed to comply with the terms of the agreement, specifically section 2(b) which states:

> "'ACT shall pay the necessary additional settlement sum necessary to effectuate the global settlement to the "Callari & Summers Client Trust Account" within five (5) business days of the date of this Order:'"

The order was signed by the Court on August 15, 2017, thereby giving ACTI until Monday, August 21, 2017, to submit the additional settlement sum payment.

As of November 15, 2017, ACTI has not paid the additional settlement sum. Batriz has received no consideration, in full or in part, and has been in contact with ACTI's attorney who confirmed ACTI's nonpayment of the additional settlement sum.  Additionally, ACTI, through its attorney, had promised it would make payment on two subsequent occasions and failed to do so, each time.

On October 23, 2017, Batriz gave notice of rescission to all parties and requested that ACTI and its attorney stipulate.  Hayomyom, LLC replied in agreement and also gave its own notice of rescission.  ACTI declined to stipulate.

Based on these facts, Batriz brings the instant motion for the Court to set aside its previous order approving the agreement on the basis of a request to rescind the agreement for failure of consideration or on the basis of fraud, misrepresentation, misconduct by an opposing party, or other reason that justifies relief, as will be elaborated upon further in the argument below.

## **ARGUMENT**

Pursuant to F.R.C.P. Rule 60(b)(3) and (6), on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or

# Exhibit 1

CARMEN M. BATRIZ, d/b/a
CMB PROFESSIONAL SERVICES
154-A W. FOOTHILL BLVD STE. 262
UPLAND, CA 91786
TEL: (909) 233-8431
FAX: (909) 297-3017
E-MAIL: CMBPROFSERVICES@YAHOO.COM

ASSIGNEE OF RECORD, IN PRO PER
FOR STATE COURT ACTION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ADVANCED CLEANUP TECHNOLOGIES, INC., A CALIFORNIA CORPORATION <br><br> Plaintiff, <br><br> vs. <br><br> BP AMERICA, INC., A DELAWARE CORPORATION; DOES 1-10, <br><br> Defendants | Case No.: <br><br> 2:14-CV-9033 CAS (AJWX) <br><br> **DECLARATION OF CARMEN BATRIZ IN SUPPORT OF MOTION TO SET ASIDE ORDER APPROVING STIPULATION RE: GLOBAL SETTLEMENT AGREEMENT BY ALL INTERESTED PARTIES REGARDING SETTLEMENT FUNDS AND AGREEMENT FOR FULL SATISFACTION OF JUDGMENTS BY JUDGMENT CREDITORS OF ACTI AND TO RESTORE THE STATUS QUO ANTE BETWEEN THE PARTIES AND TO ENABLE BATRIZ TO ASSERT THE CLAIM SHE POSSESSED PRIOR TO THE AGREEMENT** <br><br> Hearing Date: December 18, 2017 <br> Hearing Time: 10:00 am <br> Judge: Christina A. Snyder <br> Place: Courtroom 8D |

**DECLARATION OF CARMEN BATRIZ IN SUPPORT OF MOTION TO SET ASIDE ORDER APPROVING STIPULATION RE: GLOBAL SETTLEMENT AGREEMENT BY ALL INTERESTED PARTIES REGARDING SETTLEMENT FUNDS AND AGREEMENT FOR FULL SATISFACTION OF JUDGMENTS BY JUDGMENT CREDITORS OF ACTI AND TO RESTORE THE STATUS QUO ANTE BETWEEN THE PARTIES AND TO ENABLE BATRIZ TO ASSERT THE CLAIM SHE POSSESSED PRIOR TO THE AGREEMENT**

I, Carmen Batriz, hereby declare under oath as follows:

1.     My name is Carmen Batriz.  I am over the age of 21 and competent to make this Declaration.  I have personal knowledge of the facts stated herein, unless expressly stated on information and belief, and if called as witness I could, and would, testify as set forth herein.

2.     I am a judgment creditor of Plaintiff ACTI in the instant matter.

3.     I filed a notice of lien in a pending action, pursuant to Cal. Code of Civ. P § 708.420, on July 20, 2015, in the instant matter.

4.     On July 8, 2016, I submitted an amended notice of lien to the Court for the purpose of perfecting it and I gave proper service to all parties.  The amended notice of lien was rejected on July 11, 2017.  Reason stated was, "Case closed."

5.     On June 24, 16, I received an email from Glenn Johnson identifying himself as attorney for CUDA.  It would later be discovered that CUDA had irrevocably assigned its judgment to another party, on April 28, 2015, which Attorney Glenn Johnson actually facilitated and subsequently failed to inform the Court or parties of in the immediate action.

6.     On May 24, 2017, I was contacted, along with the other parties, by Steve Zipp, principal of Hayomyom, LLC, via email, where he gave notice that he had an interest in the negotiations and requested that he be contacted.  Mr. Zipp

1

attached a PDF file to his email of what appeared to be an irrevocable assignment of CUDA's judgment to Hayomyom, LLC, dated April 28, 2015.

7.      Mr. Zipp, then immediately joined the negotiations rightfully replacing CUDA, as the actual judgment creditor by irrevocable assignment.

8.      On August 12, 2017, I signed, along with all other interested parties, the Stipulation Re: Global Settlement Agreement by All Interested Parties Regarding Settlement Funds and Agreement for Full Satisfaction of Judgments by Judgment Creditors of ACTI.

9.      The stipulated agreement was submitted to the Court on August 14, 2017, and signed into Order on August 15, 2017.

10.     Pursuant to the terms of the stipulated agreement, ACTI was to make an additional settlement sum payment into its attorney's client trust account within (5) days of the Court's order or August 21, 2017, which was a Monday.

11.     On September 3, 2017, having not received confirmation of ACTI's additional settlement sum payment to its attorney, Andrew Callari, I sent an email message to Mr. Callari requesting that he confirm whether or not he had received payment from his client.  The request went on answered.

12.     On September 8, 2017, I again sent an email message to Mr. Callari requesting that he confirm whether or not he had received payment from his client. The request, again, went on answered.

13.     On September 15, 2017, having received no communication from Mr. Callari, I contacted him, via telephone, and he finally confirm that his client had, in fact, not made payment, as ordered and that he had received a wire transfer of funds from BP on or about September 7,2017.  Mr. Callari admitted he was hoping that his client would pay the funds no later than (5) days following receipt of payment from BP, so that he would have been able to distribute the agreed upon settlement payments to ACTI's judgment creditors and himself be in compliance with the terms of the agreement and the Court's order.

2

14.     On September 19, 2017 I gave notice to Mr. Callari, via email, that in light of his client's failure to comply with the terms of the stipulated agreement, I was prepared to take immediate Court action.

15.     Mr. Callari responded stating he was forwarding my email to his client and asked that we discuss the matter prior to my pursuing any court action.

16.     On October 2, 2017, having received no confirmation of payment from Mr. Callri, pursuant to the requirements of L.R. 7-3, I caused to be delivered, via email to all parties, notice of my intent to file a motion to vacate the global settlement agreement lodged on August 15, 2017, on the basis of mistake and/or possible fraud.

17.     In conducting further research of available remedies, I concluded that rescission of the agreement might be more appropriate.  Therefore, on October 23, 2017, I caused to be delivered, via email, notice of my desire to exercise my right to rescind the agreement and ask that ACTI stipulate to a restoration of Carmen M. Batriz', d/b/a CMB Professional Services' right to enforce judgment against ACTI. (*See* attached Exhibit 1.)

18.     Mr. Zipp replied, on behalf of Hayomyom, in agreement with my request to rescind the stipulated agreement and gave similar notice of his own to all parties.  (*See* attached Exhibit 2.)

19.     Attorney for ACTI declined to stipulate and stated that ACTI intended to fund its portion of the global settlement by the week of November 6, 2017.

20.     As of the writing of this declaration, neither confirmation of ACTI's payment to its attorney nor actual payment to Carmen M. Batriz, d/b/a CMB Professional Services has been received.

21.     It is my belief that ACTI intended to covey the false representation that it had funds immediately available to fully comply with the terms the agreement it made with its judgment creditors and to induce its judgment creditors

3

to execute the global settlement agreement, to their detriment, with no actual intent of ever complying with its terms.

22. At the time the parties entered into the global settlement agreement, I was in possession of a two writs of execution against ACTI. The date expiration for service on one of those writs is February 4, 2018. I also have and abstract of judgment filed with the Los Angeles County Recorder's Office, on July 18, 2017, and Notice of Judgment lien filed with the California Secretary of State, on June 24, 2015 (*See* Request for Judicial Notice, attached hereto as Exhibit 3.)

23. As requested in the Motion, Batriz respectfully requests that Court grant Batriz all the relief requested, including an Order for the net settlement funds held in the Callari & Summers Client Trust Account to be immediately released to Batriz.


Dated: November 15, 2017

Carmen M. Batriz, d/b/a CMB Professional
Services, Assignee of Record
State Court Action

4

## PROOF OF SERVICE

I, Joe Batriz, certify and declare that I am over the age of 18 years. My address is 700 W. 23rd St. Upland, CA 91784, in the County of San Bernardino, State of California, and I am not a party to the above-entitled cause. On November 17, 2017, I served a true copy of:

**DECLARATION OF CARMEN BATRIZ IN SUPPORT OF MOTION TO SET ASIDE ORDER APPROVING STIPULATION RE: GLOBAL SETTLEMENT AGREEMENT BY ALL INTERESTED PARTIES REGARDING SETTLEMENT FUNDS AND AGREEMENT FOR FULL SATISFACTION OF JUDGMENTS BY JUDGMENT CREDITORS OF ACTI AND RESTORE THE STATUS QUO ANTE BETWEEN THE PARTIES AND TO ENABLE BATRIZ TO ASSERT THE CLAIM SHE POSSESSED PRIOR TO THE AGREEMENT**

by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following parties:

| | |
|---|---|
| Andrew C. Callari, Attorney for Advanced Cleanup Technologies, Inc.<br>34197 Pacific Coast Highway, Suite 100<br>Dana Point, CA 92629 | Christopher J. Esbrook<br>Charles W. Douglas, Jr.<br>David Freedman<br>Kirkland & Ellis LLP<br>300 North La Salle St.<br>Chicago, IL 60654 |
| Steve L. Zipp<br>Hayomyom, LLC<br>824 N. Poinsettia Place<br>Los Angeles, CA 90046 | Glenn H. Johnson,<br>Glenn H. Johnson Law Offices<br>606 East First Street, Suite 210<br>Los Angeles, CA 90012 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2017, at Upland, CA.

_____
Joe Batriz

# Exhibit 1

**Subject:**   Re: Notice of Intent to File Motion

**From:**   Carmen Batriz (cmbprofservices@yahoo.com)

**To:**   ac@callarisummers.com; cdouglas@kirkland.com; ghjlaw90012@gmail.com; hayomyom@gmail.com;

**Date:**   Monday, October 23, 2017 11:44 AM

To all parties:

Notice of Rescission Pursuant to Cal. Civ. Code 1691

On August 12, 2017, a STIPULATION RE: GLOBAL SETTLEMENT AGREEMENT BY ALL INTERESTED PARTIES REGARDING SETTLEMENT FUNDS AND AGREEMENT FOR FULL SATISFACTION OF JUDGMENTS BY JUDGMENT CREDITORS OF ACTI was signed by Ruben Garcia, President of ACTI, Andrew Callari, counsel for ACTI, Steve Zipp, as an individual and principal of HaYomYom, assignee of judgment, Glenn John son, Esq., individually and on behalf of The Law Office of Glenn Johnson, Roger Taylor, individually and on behalf of Michael Andrews and Associates, and Carmen Batriz, individually and on behalf of CMB Professional Services, assignee of judgment. (Copy of the Stipulated Global Agreement and Order Approving Stipulation Re: Global Settlement is attached with this notice)

I wish to cancel that agreement because judgment debtor ACTI has failed to comply entirely with the terms of the agreement. Specifically, Page 3, Paragraph No. 5, "ACTI will pay an additional settlement sum to the "Callari & Summers Client Trust Account" which shall be held in trust for the payment of the global settlement referenced herein. ACTI shall make said payment within five (5) business days of the Court's Order authorizing said payment."

I hereby exercise my right to rescind the agreement under the provisions of Cal. Civ. Code 1689 and ask that ACTI stipulate to a restoration of Carmen M. Batriz', d/b/a CMB Professional Services' right to enforce judgment against ACTI under assigned judgment, California Superior Court Case No. TS015465, within 3 days.

Should you have any questions or wish to discuss the matter further, please contact me.

Respectfully,

Carmen M. Batriz CEO
CMB Professional Services
909.233.8431-bus.
909.297.3017-fax
cmbprofservices@yahoo.com

The information contained in this e-mail message is privileged and confidential information, and is protected under The Privacy Act of 1974 and The Gramm-Leach-Bliley Act of 2000, and is intended only for the use of the individual or entity named above. If the reader of this e-mail message is not the intended recipient, you are hereby on notice that you are in possession of confidential and privileged information. Any dissemination, distribution or copying of this communication is strictly prohibited. You will immediately notify the sender of your inadvertent receipt. Thank you

**From:** Carmen Batriz <cmbprofservices@yahoo.com>
**To:** Andrew Callari <ac@callarisummers.com>; Charles W. Douglas <cdouglas@kirkland.com>; Glenn Johnson <ghjlaw90012@gmail.com>; "hayomyom@gmail.com" <hayomyom@gmail.com>
**Sent:** Monday, October 2, 2017 11:26 AM
**Subject:** Notice of Intent to File Motion

To all parties:

Pursuant to the requirements of L.R. 7-3, I hereby give notice of my intent to file a motion to vacate the global settlement agreement lodged on 8-15-17, on the basis of mistake and/or possible fraud. Moving papers will be filed on or after 10/13/17.

Carmen M. Batriz CEO
CMB Professional Services
909.233.8431-bus.
909.297.3017-fax
cmbprofservices@yahoo.com

The information contained in this e-mail message is privileged and confidential information, and is protected under The Privacy Act of 1974 and The Gramm-Leach-Bliley Act of 2000, and is intended only for the use of the individual or entity named above. If the reader of this e-mail message is not the intended recipient, you are hereby on notice that you are in possession of confidential and privileged information. Any dissemination, distribution or copying of this communication is strictly prohibited. You will immediately notify the sender of your inadvertent receipt. Thank you

**Attachments**

- ECF 84 - Order Approving Stip re Global Settlement re CCP 708.470 - 2017-0815.pdf (38.21KB)
- ECF 83 - Stipulation re Global Settlement re CCP 708.470 Motion - 2017-0814.pdf (1.11MB)

# Exhibit 2

**Subject:**  Re: Notice of Intent to File Motion

**From:**  HaYomYom@aol.com (HaYomYom@aol.com)

**To:**  hayomyom@gmail.com; cmbprofservices@yahoo.com;

**Date:**  Monday, October 23, 2017 2:32 PM


I Steve Zipp, as an individual and principal on behalf of Hayomyom, agree with Carmen Batriz and the motions she is putting forth.

Sincerely,
Steve Zipp
Individual and principal of Hayomyom

Exhibit 3

CARMEN M. BATRIZ, d/b/a
CMB PROFESSIONAL SERVICES
154-A W. FOOTHILL BLVD STE. 262
UPLAND, CA 91786
TEL:  (909) 233-8431
FAX: (909) 297-3017
E-MAIL:  CMBPROFSERVICES@YAHOO.COM

ASSIGNEE OF RECORD, IN PRO PER
FOR STATE COURT ACTION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ADVANCED CLEANUP TECHNOLOGIES, INC., A CALIFORNIA CORPORATION | Case No.: 2:14-CV-9033 CAS (AJWX) |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE** |
| vs. | Hearing Date:  December 18, 2017 |
| BP AMERICA, INC., A DELAWARE CORPORATION; DOES 1-10, | Hearing Time:  10:00 am<br>Judge:  Christina A. Snyder<br>Place:  Courtroom 8D |
| Defendants | |

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Evidence 201, Carmen M. Batriz, d/b/a CMB Professional Servics, hereby request that the court take judicial notice of the following document in support of her Notice of Motion and Motion to Set Aside Order Approving Stipulation Re: Global Settlement Agreement by All Interested Parties Regarding Settlement Funds and Agreement for Full Satisfaction of Judgments by Judgment Creditors of ACTI and to Restore the Status Quo Ante Between The Parties and to Enable Batriz to Assert the Claim

1

She Possessed Prior to the Agreement.  All exhibit references correspond to the exhibits attached hereto.

1. Exhibit "1":  Writ of Execution from the Superior Court of California, County of Los Angeles – South Central District, in the matter of Becerra v. Advanced Cleanup Technologies, Inc., Case No. TS015465, issued on August 4, 2017.

2. Exhibit "2":  UCC Filing with the Secretary of State of California, Filing No. 15-7471772586, filed on June 24, 2015

3. Exhibit "3":  Abstract of Judgment recorded in the Official Records of Recorder's Office, Los Angeles County, Doc. No. 20170801176, on July 18, 2017

**Exhibits 1 thru 3**

Under section 452, subdivision (d), the Court may take judicial notice of Exhibits 1, because it is from the records of the courts of the State of California. This includes any orders, findings of facts and conclusions of law, and judgments within court records.  (*Lockley v. Law Office of Cantrell, Green, Pekich, Cruz, and McCort (2001)* 91 Cal. App. 4th 875-882; *Day v. Sharp (1975)* 50 Cal. App. 3d 904,914 [court cannot take judicial notice of truth of hearsay allegations or pleadings allegations, but may take judicial notice of truth of facts asserted in documents such as orders, findings of fact and conclusions of law, and judgments].)

Dated:  November 15, 2017

Carmen M. Batriz, d/b/a CMB Professional
Services, Assignee of Record
State Court Action

2

## **PROOF OF SERVICE**

I, Joe Batriz, certify and declare that I am over the age of 18 years.  My address is 700 W. 23rd St. Upland, CA 91784, in the County of San Bernardino, State of California, and I am not a party to the above-entitled cause. On November 17, 2017, I served a true copy of:

## **REQUEST FOR JUDICIAL NOTICE**

by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following parties:

| | |
|---|---|
| Andrew C. Callari, Attorney for Advanced Cleanup Technologies, Inc. 34197 Pacific Coast Highway, Suite 100 Dana Point, CA 92629 | Christopher J. Esbrook Charles W. Douglas, Jr. David Freedman Kirkland & Ellis LLP 300 North La Salle St. Chicago, IL 60654 |
| Steve L. Zipp Hayomyom, LLC 824 N. Poinsettia Place Los Angeles, CA 90046 | Glenn H. Johnson, Glenn H. Johnson Law Offices 606 East First Street, Suite 210 Los Angeles, CA 90012 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2017, at Upland, CA.

Joe Batriz

# Exhibit 1

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number and address): | FOR COURT USE ONLY |
|---|---|
| Carmen M. Batriz, d/b/a CMB Professional Services<br>154-A W. Foothill Blvd, Ste. 262<br>Upland, CA 91786<br><br>TELEPHONE NO.: 909-233-8431    FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name): Assignee of Record<br>☐ ATTORNEY FOR  ☐ JUDGMENT CREDITOR  ☑ ASSIGNEE OF RECORD | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 200 W. Compton Blvd
MAILING ADDRESS: 200 W. Compton Blvd
CITY AND ZIP CODE: Compton, CA 90220
BRANCH NAME: Compton Courthouse

PLAINTIFF: Fernando Becerra

DEFENDANT: Advanced Cleanup Technologies, Inc.

| WRIT OF | ☑ EXECUTION (Money Judgment)<br>☐ POSSESSION OF ☐ Personal Property<br>☐ Real Property<br>☐ SALE | CASE NUMBER: TS015465 |
|---|---|---|
| | ☐ Limited Civil Case  ☐ Small Claims Case<br>☑ Unlimited Civil Case  ☐ Other_____ | |

1. **To the Sheriff or Marshal of the County of:** Orange
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):* Carmen M. Batriz, d/b/a CMB Professional Services
   is the ☐ judgment creditor ☑ assignee of record whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name, type of legal entity stated in judgment if not a natural person, and last known address):*

   Advanced Cleanup Technologies, Inc.
   20928 Lambert Ave.
   Carson, CA 90220

   ☐ Additional judgment debtors on next page.

5. **Judgment entered on** *(date):*
   12/12/2011

6. ☐ **Judgment renewed on** *(dates):*

7. **Notice of sale** under this writ
   a. ☑ has not been requested.
   b. ☐ has been requested *(see next page).*

8. ☐ Joint debtor information on next page.

9. ☐ See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. ☐ This writ is issued on a sister-state judgment.
11. Total judgment .................... $ 59,521.84
12. Costs after judgment (per filed order or memo CCP 685.090) .......... $ 354.00
13. Subtotal *(add 11 and 12)* ......... $ 59,875.84
14. Credits ........................ $ 0.00
15. Subtotal *(subtract 14 from 13)* ... $ 59,875.84
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees)... $ 33,446.38
17. Fee for issuance of writ ............ $ 25.00
18. Total *(add 15, 16, and 17)* ........ $ 93,347.22
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)* (not on GC 6103.5 fees) of. ...... $ 16.30
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) ........... $ 0.00 F.S.
20. ☐ The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

SHERRI R. CARTER

Issued on *(date* AUG 0 4 2017    Clerk, by _____ , Deputy
(P. SPREWELL)

NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.

Page 1 of 2

**EJ-130**

| PLAINTIFF: Fernando Becerra | CASE NUMBER: |
|---|---|
| DEFENDANT: Advanced Cleanup Technologies, Inc. | TS015465 |

— Items continued from page 1—

21. ☐ **Additional judgment debtor** *(name, type of legal entity stated in judgment if not a natural person, and last known address):*

22. ☐ **Notice of sale has been requested by** *(name and address):*

23. ☐ **Joint debtor was declared bound by the judgment (CCP 989–994)**
   a. on *(date):*
   b. name, type of legal entity stated in judgment if not a natural person, and last known address of joint debtor:

   a. on *(date):*
   b. name, type of legal entity stated in judgment if not a natural person, and last known address of joint debtor:

   c. ☐ additional costs against certain joint debtors *(itemize):*

24. ☐ *(Writ of Possession or Writ of Sale)* Judgment was entered for the following:
   a. ☐ Possession of real property: The complaint was filed on *(date):*
      **(Check (1) or (2)):**
      (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
         The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
      (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
         (a) $ _____ was the daily rental value on the date the complaint was filed.
         (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*
   b. ☐ Possession of personal property.
      ☐ If delivery cannot be had, then for the value *(itemize in 24e)* specified in the judgment or supplemental order.
   c. ☐ Sale of personal property.
   d. ☐ Sale of real property.
   e. Description of property:

**NOTICE TO PERSON SERVED**

**WRIT OF EXECUTION OR SALE.** Your rights and duties are indicated on the accompanying *Notice of Levy* (Form EJ-150).
**WRIT OF POSSESSION OF PERSONAL PROPERTY.** If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.
**WRIT OF POSSESSION OF REAL PROPERTY.** If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.
► *A Claim of Right to Possession form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).*

EJ-130 [Rev. January 1, 2012]          **WRIT OF EXECUTION**          Page 2 of 2

# Exhibit 2

**NOTICE OF JUDGMENT LIEN**
FOLLOW INSTRUCTIONS CAREFULLY (front and back of form)

A. NAME & PHONE OF FILER'S CONTACT (optional)
Carmen M. Batriz                909-233-8431

B. SEND ACKNOWLEDGMENT TO: (NAME AND ADDRESS)

Carmen M. Batriz, d/b/a CMB Professional Services
154-A W. Foothill Blvd, Ste 262
Upland, CA 91786

**15-7471772586**

**06/24/2015 17:00**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

49645030062      UCC 1 FILING

THIS SPACE FOR FILING OFFICE USE ONLY

1. JUDGMENT DEBTOR'S EXACT LEGAL NAME – insert only one name, either 1a or 1b. Do not abbreviate or combine names.

| 1a. ORGANIZATION'S NAME | Advanced Cleanup Technologies, Inc. | | | |
|---|---|---|---|---|

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 18414 S Santa Fe Ave. | Rancho Dominguez | CA | 90221 | US |

2. JUDGMENT CREDITOR'S NAME – Do not abbreviate or combine names.

| 2a. ORGANIZATION'S NAME | CMB Professional Services | | | |
|---|---|---|---|---|

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 154-A W. Foothill Blvd, Ste. 262 | Upland | CA | 91786 | US |

3. ALL PROPERTY SUBJECT TO ENFORCEMENT OF A MONEY JUDGMENT AGAINST THE JUDGMENT DEBTOR TO WHICH A JUDGMENT LIEN ON PERSONAL PROPERTY MAY ATTACH UNDER SECTION 697.530 OF THE CODE OF CIVIL PROCEDURE IS SUBJECT TO THIS JUDGMENT LIEN.

A. Title of court where judgment was entered: Superior Court of California, County of Los Ange

B. Title of the action: Becerra v. Advanced Cleanup Technologies, Inc.

C. Number of this action: TS015465

D. Date judgment was entered: 12/12/2011

E. Date of subsequent renewals of judgment (if any): N/A

F. Amount required to satisfy judgment at date of this notice: $ 80,493.10

G. Date of this notice: 6/20/2015

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Car M. Bat

SIGNATURE – SEE INSTRUCTION NO. 4

Dated: June 20, 2015
(If not indicated, use same as date in item 3G.)

FOR:

FILING OFFICER COPY                    NOTICE OF JUDGMENT LIEN (FORM JL-1) (Rev. 08/01)

# JUDGMENT LIEN ADDENDUM
**FOLLOW INSTRUCTIONS CAREFULLY (FRONT AND BACK OF FORM)**

**5. NAME OF JUDGMENT DEBTOR:** (NAME OF FIRST DEBTOR OR RELATED JUDGMENT LIEN)

| 5a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| *Advanced Cleanup Technologies, Inc.* | | | |
| 5b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

**6. ADDITIONAL JUDGMENT DEBTOR – insert only one name (6a or 6b):**

| 6a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 6c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |

**7. ADDITIONAL JUDGMENT DEBTOR – insert only one name (7a or 7b):**

| 7a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 7c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |

**8. ADDITIONAL JUDGMENT DEBTOR – insert only one name (8a or 8b):**

| 8a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 8b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 8c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |

**9. ADDITIONAL JUDGMENT CREDITOR – insert only one name (9a or 9b):**

| 9a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| Becerra | Fernando | | | | |
| 9c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 10222 Baron Ave. | Bakersfield | | CA | 93312 | US |

**10. ADDITIONAL JUDGMENT CREDITOR – insert only one name (10a or 10b):**

| 10a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 10b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 10c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |

(1) FILING OFFICER COPY – JUDGMENT LIEN ADDENDUM FORM (REV. 8/01)

# State of California

## Secretary of State

I, **Alex Padilla** , Secretary of State of the State of California, hereby certify:

That the attached transcript of 2   page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF**,   I execute this certificate and affix the Great Seal of the State of California this day of

August 09, 2017

Secretary of State

FILE #       157471772586

Document Number:   63300140003

Exhibit 3

**This page is part of your document - DO NOT DISCARD**



# 20170801176



**Pages:**
**0006**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/18/17 AT 11:07AM**

| | | |
|---|---|---|
| FEES: | | 39.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 39.00 |



**L E A D S H E E T**



**201707182840036**

**00013970719**



**008455199**

**SEQ:**
**01**

**DAR - Mail (Intake)**



**THIS FORM IS NOT TO BE DUPLICATED**



**EJ-001**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, and State Bar number):*
After recording, return to:
Carmen M. Batriz. d/b/a CMB Professional Services
154-A W. Foothill Blvd. Ste. 262
Upland. CA 91786

TEL NO.: 909-233-8431    FAX NO. (optional):
E-MAIL ADDRESS *(Optional):*

| [ ] ATTORNEY FOR | [ ] JUDGMENT CREDITOR | [X] ASSIGNEE OF RECORD |

Document Number:13970719

Batch Number:8455199

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 200 W. Compton Blvd
MAILING ADDRESS: 200 W. Compton Blvd
CITY AND ZIP CODE: Compton, CA 90220
BRANCH NAME: Compton Courthouse

FOR RECORDER'S USE ONLY

PLAINTIFF: Fernando Becerra
DEFENDANT: Advanced Cleanup Technologies, Inc.

CASE NUMBER:
**TS015465**

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**    [ ] Amended

FOR COURT USE ONLY

1. The [ ] judgment creditor    [X] assignee of record
   applies for an abstract of judgment and represents the following:
   a.  Judgment debtor's
              Name and last known address

   Advanced Cleanup Technologies, Inc.
   18414 South Santa Fe Ave.
   Rancho Dominguez, CA 90221

   b.  Driver's license no. [last 4 digits] and state:    [X] Unknown
   c.  Social security no. [last 4 digits]:    [X] Unknown
   d.  Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

2. [ ]  Information on additional judgment debtors is shown on page 2.
3. Judgment creditor *(name and address):*
   Carmen M. Batriz, d/b/a CMB Professional Services
   154-A W. Foothill Blvd, Ste. 262 Upland, CA 91786

4. [X]  Information on additional judgment creditors is shown on page 2.
5. [ ]  Original abstract recorded in this county.
   a.  Date:
   b.  Instrument No.:

Date: 5/23/17

Carmen M. Batriz
(TYPE OR PRINT NAME)

▶ Ca M. Bat
(SIGNATURE OF APPLICANT OR ATTORNEY)

6.  Total amount of judgment as entered or last renewed:
    $ 59,521.84
7.  All judgment creditors and debtors are listed on this abstract.
8.  a.  Judgment entered on *(date):* 12/12/2011
    b.  Renewal entered on *(date):*
9.  [ ]  This judgment is an installment judgment.

10. [ ]  An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a.  Amount: $
    b.  In favor of *(name and address):*

11. A stay of enforcement has
    a.  [X]  not been ordered by the court.
    b.  [ ]  been ordered by the court effective until *(date):*

12. a.  [X]  I certify that this is a true and correct abstract of the judgment entered in this action.
    b.  [ ]  A certified copy of the judgment is attached.

[SEAL]

SHERRI R. CARTER

This abstract issued on *(date):*
**MAY 2 6 2017**

Clerk, by _____, Deputy
F. SPREWELL

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]        **ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**        Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

| PLAINTIFF:<br>DEFENDANT: | COURT CASE NO.: |
|---|---|

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*
    Fernando Becerra
    10222 Baron Ave
    Bakersfield, CA 93312

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.     Name and last known address

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

17.     Name and last known address

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.     Name and last known address

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.     Name and last known address

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**

Page 2 of 2

[ Print this form ] [ Save this form ]     [ Clear this form ]