O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED CLEANUP TECHNOLOGIES, INC. <br><br> Plaintiff, <br> v. <br><br> BP America, Inc. et al <br><br> Defendant. | ) Case No. 2:14-cv-09033-CAS(AJWx) <br> ) <br> ) <br> ) **ORDER FINDING PLAINTIFF IN** <br> ) **CONTEMPT OF COURT** <br> ) <br> ) <br> ) <br> ) <br> ) |

## I.    INTRODUCTION & BACKGROUND

On October 16, 2014, plaintiff Advanced Cleanup Technologies, Inc. ("ACTI") initiated this action against defendant BP America, Inc. in Los Angeles County Superior Court. Dkt. 1. On November 21, 2014, BP America removed this action to this Court on the basis of both federal question and diversity jurisdiction. Id. On June 7, 2016, BP filed a notice of settlement. Dkt. 62. Subsequently, two claimants, Cuda Enterprises, Inc.[1] ("Cuda") and Carmen M. Batriz ("Batriz") filed notices of liens in this action

---

[1]    Cuda assigned its judgment to HaYomYom, LLC in April 2015. Dkt. 87 at 1.

-1-

against any recovery ACTI might obtain from BP America. On August 14, 2017, all interested parties signed a global settlement agreement, which was executed by the following individuals: Ruben Garcia, president of ACTI; Andrew Callari, counsel for ACTI; Steve Zipp, individually and as principal of HaYomYom, LLC; Glenn Johnson, individually and on behalf of the Law Office of Glenn Johnson; Roger Taylor, individually and on behalf of Michaels Andrews and Associates; and Carmen Batriz, individually and on behalf of CMB Professional Services. Dkt. 83. The Court issued an Order approving the stipulation on August 15, 2017. Dkt. 84.

On November 17, 2017, Batriz filed a motion to set aside the Court's August 15, 2017 Order on the grounds that ACTI had failed to pay its settlement obligation under the terms of the global settlement. Dkt. 86. On November 27, 2017, ACTI filed an opposition, dkt. 88, and on the same day Johnson filed an opposition, dkt. 90. On December 4, 2017, Batriz filed a reply. Dkt. 91.

The Court held a hearing on December 18, 2017, and requested that Johnson submit a proposed order to show cause why ACTI should not be held in contempt for failure to abide by the terms of the global settlement agreement. Dkt. 92. On December 20, 2017, the Court ordered Ruben Garcia to appear before the Court on January 22, 2018, and show cause why ACTI should not be found in contempt of Court and compelled to obey the August 15, 2017 Order. Dkt. 93.

On January 19, 2018, ACTI filed a notice of deposit of its portion of the settlement agreement. Dkt. 94. The Court continued the hearing on the order to show cause to February 12, 2018. Prior to the February 12 hearing, ACTI's counsel informed the Court that ACTI's check did not clear and that it had been returned.

On February 12, 2018, the Court held a hearing on the order to show cause. Garcia failed to appear on behalf of ACTI.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARDS

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." California Dep't of Soc. Servs. v. Leavitt, 523 F.3d 1025, 1033 (9th Cir 2008) (quoting Shillitani v. United States, 384 U.S. 364, 370 (1966)). A party's conduct "need not be willful" to violate a court order, and there is "no good faith exception to the requirement of obedience." In re Dual-Deck Video Cassette Recorder Antitrust Litigation, 10 F.3d 693, 695 (9th Cir. 1993). However, a party may avoid being found in contempt by demonstrating that its failure to comply with a court order was "based on a good faith and reasonable interpretation of the order." Id. Additionally, "contempt is appropriate only when a party fails to comply with a court order that is both specific and definite." Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 465 (9th Cir. 1989).

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986). Coercive fines, or any portion thereof, are payable to the Court rather than to the opposing party. Id. When imposing a coercive civil contempt sanction, a court should consider: (1) the character and magnitude of the harm from continued noncompliance; (2) the probable effectiveness of any sanctions in achieving future compliance; (3) the amount of defendant's financial resources; and (4) the willfulness of the violating party. See United States v. United Mine Workers of Am., 330 U.S. 258, 303–04 (1946); General Signal Corp, 787 F.2d at 1380. The amount of a compensatory fine, on the other hand, should be based upon the movant's actual losses suffered as a result of the violation. See Shuffler v. Heritage Bank, 720 F.2d 1141, 1148 (9th Cir. 1983).

## III. DISCUSSION

As an initial matter, the Court's August 15, 2017 Order is clear in its commands—the Order explicitly approved the global settlement agreement and ordered the signatory parties to consummate and perform the terms of the settlement. Dkt. 84. In particular, ACTI agreed that it would pay the "[confidential] settlement sum necessary to effectuate the global settlement to the 'Callari & Summers Client Trust Account' within five (5) business days of the date of this Order."[2] Dkt. 84 at 3.

Because ACTI has failed to pay the $25,500.00 owed under the terms of the global settlement agreement, the Court finds that ACTI has violated the Court's August 15, 2017 Order. ACTI purportedly deposited a $25,500.00 check into the Callari & Summers Client Trust Account on January 19, 2018, which was intended to satisfy ACTI's obligation under the global settlement agreement. Dkt. 94. Yet, as ACTI's counsel represented at the February 12, 2018 hearing, this check failed to clear and was returned. ACTI's counsel also represented that, despite repeated assurances from Garcia, Garcia had yet to tender a settlement payment by the February 12 hearing date. In addition, Garcia failed to appear at the February 12 hearing in violation of the Court's December 20, 2017 Order. Accordingly, the Court finds that ACTI has failed to show cause why the Court should not find it in contempt for failing to obey the Court's August 15, 2017 Order.

Because the Court finds that ACTI has failed to comply with the August 15, 2017 Order, and because Garcia has failed to appear and thus has not explained ACTI's failure to comply with the Court's Order, the Court determines that a coercive fine is necessary to gain ACTI's compliance. In light of ACTI's $25,500.00 obligation under the terms of the global settlement, the Court finds that a coercive daily fine of $250.00 should be

---

[2] Though the global settlement's payment terms were originally confidential, ACTI's "Notice of Deposit" provides that ACTI owes $25,500.00 under the terms of the global settlement. Dkt. 94 at 1.

imposed on ACTI for each day it remains out of compliance with the August 15, 2017 Order. A fine of $250.00 a day payable to the Court is appropriate under the circumstances, given (1) the magnitude of the payment owed; (2) the multiple opportunities the Court has given ACTI to comply with the Court's Order; (3) the 185 days that ACTI has been out of compliance with the Court's August 15, 2017 Order; and (4) Garcia's repeated representations to his counsel that he would tender a settlement payment by the February 12, 2018 hearing date. Furthermore, a daily fine of $250.00 is within the range of coercive per diem fines issued by other district courts for civil contempt. See, e.g., Arabian Gas & Oil Dev. Co. v. Wisdom Marines Lines, S.A., No. 16-CV-03801-DMR, 2017 WL 4390184, at *7 (N.D. Cal. Oct. 3, 2017) (finding a coercive daily fine of $500.00 was appropriate given the plaintiff's failure to pay monetary sanctions in the sum of $31,017.26 in attorneys' fees and costs, particularly in light of plaintiff's substantial resources and access to significant assets necessary to fund its legal position); United States v. Wen-Bing Soong, No. C-13-4088 EMC, 2015 WL 5168786, at *4 (N.D. Cal. Sept. 3, 2015) (imposing a coercive daily fine of $500.00 per spouse because the couple appeared to have significant financial resources, a lesser fine was unlikely to secure compliance due to the lengthy period of non-compliance, and further delay would prejudice the other party's investigation); In re Chase Bank USA, N.A. Check Loan Contract Litig., No. 3:09-MD-2032 MMC, 2013 WL 772714, at *6 (N.D. Cal. Feb. 28, 2013), aff'd in part, appeal dismissed in part, 607 Fed. Appx. 737 (9th Cir. 2015) (imposing a coercive daily fine of $300.00 against a class member for violating a court order enjoining class members from prosecuting released claims against the released parties in a class action settlement); United States v. Gillies, No. CV-11-3623 CW MEJ, 2013 WL 968244, at *2 (N.D. Cal. Feb. 22, 2013), report and recommendation adopted, No. 11-CV-03623-CW, 2013 WL 968231 (N.D. Cal. Mar. 12, 2013) (imposing a coercive daily fine of $250.00 against an individual for failure to comply with court order for more than 300 days). Accordingly, the Court finds ACTI in civil contempt of the August 15, 2017 Order and concludes that a $250.00 coercive daily

fine should be imposed for each day it remains out of compliance with the August 15, 2017 Order.

## IV. CONCLUSION

In accordance with the foregoing, the Court finds ACTI in civil contempt of the August 15, 2017 Order. ACTI is ordered to pay a daily fine of $250.00 for each day it remains out of compliance with the August 15 Order, beginning with the day following the date of this Order.

ACTI's counsel, Andrew Callari, shall personally serve a copy of this Order, together with a copy of the August 15, 2017 Order, upon Ruben Garcia.

**IT IS SO ORDERED.**

DATED: February 16, 2018

                         CHRISTINA A. SNYDER
                         UNITED STATES DISTRICT JUDGE